IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DEBORAH NORSWORTHY | § | |
| Vs. | | |
| | § | CIVIL ACTION NO. 2:05-CV-219 |
| MYSTIK TRANSPORT, INC., SIDNEY B. BALDON, AND ROGER DEAN JONES | | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Deborah Norsworthy sued Mystik Transport, Inc. (hereinafter Mystik), Sidney B. Baldon (hereinafter Baldon), and Roger Dean Jones (hereinafter Jones) for personal injuries allegedly resulting from a motor vehicle accident on June 28, 2003, near Baytown, Texas.  Norsworthy is a resident of New Mexico, while Mystik, Baldon, and Jones are residents of Texas.  According to Norsworthy's Complaint, Jones, while in the course and scope of his employment as a driver for Mystik, negligently operated a tractor-trailer vehicle and caused personal injuries to Norsworthy. Norsworthy's Complaint also alleges that Mystik is a closely held corporation owned and operated by Baldon.  The Defendants have filed a Motion to Dismiss for Improper Venue (#6). After considering the applicable briefs and exhibits filed by the parties, the Court DENIES the Defendants' motion.

**II.     Discussion**

Fed. R. Civ. P. 12(b)(3)[1] and 28 U.S.C. § 1404(a)[2] authorize a court, upon suitable

---

[1]Fed. R. Civ. P. 12(b)(3) states:

showing, to dismiss an action where venue in that court is improper. *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003). Once a defendant raises a 12(b)(3) motion, the burden of sustaining venue lies with the plaintiff. *Id.* If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, deemed to be true, that establish venue. *Id.* Courts will accept uncontroverted facts in a plaintiff's pleadings as true, and will resolve any conflicts in the plaintiff's favor. *Id.*

Venue in this case is based upon the general federal venue statute, 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Norsworthy claims that Mystik is located and resides in Cleveland, Texas, which is in the Eastern District of Texas. However, the Defendants allege that Mystik was formally dissolved in

---

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(3) improper venue

[2]28 U.S.C. § 1404(a) states:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

December, 2004, after the accident, and that Baldon now owns and conducts business as Mystik Transportation in Houston, Texas, which is in the Southern District of Texas. Furthermore, according to the Defendants, at no time prior to Mystik's dissolution was Mystik's principal place of business located in Cleveland, Texas. As evidence of their assertions, the Defendants present the affidavit of Bill Arms, the terminal manager for Mystik Transportation. Arms states that "[a]t no time was Mystik Transportation, Inc. or Lois Baldon d/b/a Mystik Transportation's [sic] principal place of business located in Liberty County, Texas." Affidavit of Bill Arms, Defendants' Amended Motion to Dismiss for Improper Venue. Norsworthy does not deny in her response to the Defendants' motion to dismiss that Mystik Transport, Inc. was formally dissolved as a corporation in December, 2004. Furthermore, the Texas Comptroller of Public Accounts lists Mystik Transport, Inc.'s status as "Not in Good Standing." Plaintiff's Response to Defendant's Amended Motion to Dismiss Venue, Exhibit B. Therefore, this Court assumes Mystik Transport, Inc. is dissolved and no longer operating as a corporation. Norsworthy filed suit on June 9, 2005, which was six months after the claimed dissolution of Mystik. Because venue is determined at the time a complaint is filed, this Court must determine what effect dissolution has on the corporate residency analysis. *Harris v. Black Clawson Co.*, 961 F.2d 547, 549-50 (5th Cir. 1992); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997).

    Section 1391(c) controls the determination of the residency of corporate defendants for venue purposes and states:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than

> one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

A corporation is a citizen and therefore subject to personal jurisdiction in both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(a). To assess proper venue, it is therefore useful to examine holdings assessing the personal place of business, for diversity purposes, of defunct corporations. To determine a corporation's principal place of business, the Fifth Circuit applies the "total activity" test. This test requires the Court "to consider two 'focal points:' the location of the corporation's 'nerve center' and its 'place of activities.'" *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 (5th Cir. 2004) (citing *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987)). A court "must examine the totality of the facts, including the corporation's organization and the nature of its activities, to determine which of these focal points predominates." *Id.* Consequently, if Mystik's principal place of business at the time of dissolution was located in the Eastern District of Texas, it would have been subject to personal jurisdiction in the District and therefore deemed a resident of the District for venue purposes.

There is a split amongst courts on the proper test for the citizenship of a dissolved or inactive corporation for personal jurisdiction purposes. Some courts look both to the state of incorporation and to the state of the corporation's last business activity. *See*, *e.g.*, *Circle Indus. USA, Inc. v. Parke Const. Group, Inc.*, 183 F.3d 105, 108 (2d Cir. 1999), *Comtec, Inc. v. Nat'l Technical Sch.*, 711 F. Supp. 522, 524-25 (D. Ariz. 1989). Other courts have held that a

dissolved or inactive corporation has no "place of business" and therefore is only a citizen of its state of incorporation. *See*, *e.g.*, *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). Other courts, including the Fifth Circuit, have adopted a case-by-case approach. *See*, *e.g.*, *Harris*, 961 F.2d at 551; *Athena Auto, Inc. v. DiGregorio* 166 F.3d 288, 291-92 (4th Cir. 1999).

In *Harris*, Louisiana plaintiffs sued in state court for the wrongful death and personal injuries of workers caused by an industrial accident. The defendants, none of whom were citizens of Louisiana, removed the case to federal court and the court granted leave to the plaintiffs to add two defendants, one of whom was an incorporated construction company. The plaintiffs then moved several times to remand the case to state court, arguing one or both of the new defendants were citizens of Louisiana, thus preventing complete diversity of the parties. The trial court denied the motions and granted summary judgment for the defendants. On appeal, the plaintiffs argued that the added corporate defendant was a citizen of Louisiana.[3] At the time the plaintiffs filed their lawsuit, the corporate defendant was inactive and had been so for over five years.[4] In determining whether the corporation was a citizen of Louisiana for diversity purposes, the Fifth Circuit examined the reasoning of courts that had held an inactive corporation was a citizen of both its state of incorporation and the state of its last business activity, as well as the reasoning of courts that had held an inactive corporation was only a citizen of its state of incorporation. The Fifth Circuit stated:

---

[3]The defendant was incorporated in New York. The plaintiffs alleged that the corporation conducted business activities in Louisiana.

[4]The defendant's total activities in Louisiana at the time suit was filed "were zero: it had no business office, no employees or service personnel, and no other ongoing business activities." *Harris*, 961 F.2d at 550.

> Both the state of incorporation and the principal place of business should be considered in deciding whether diversity jurisdiction is present.  To allow inactive corporations to avoid inquiry into where they were last active would give them a benefit Congress never planned for them, since under such a rule a defunct corporation, no matter how local in character, could remove a case to federal court based on its state of incorporation.

*Harris*, 961 F.2d at 550-51.

The Fifth Circuit further stated:

> To adopt a rule that the place of an inactive corporation's last business activity is relevant to determining its citizenship for subject matter jurisdiction purposes, especially where that activity took place in its last principal place of business is perfectly consistent with the "total activity" test.  A rule that the place of an inactive corporation's last activity is always determinative of its citizenship for diversity purposes, however, has the potential to produce the odd result that an inactive corporation may be held to have its principal place of business in a jurisdiction in which it would never have been held to have its principal place of business while it was active.  Surely Congress cannot have intended to produce this result either.  Thus, a wholesale adoption of the "last activity test" would appear to be at odds with the "total activity" test.  Therefore, we hold that, while the place of an inactive corporation's last business activity is relevant to determine its principal place of business, it is not dispositive.

*Id.* at 551.

The Fifth Circuit, however, did not apply the above analysis to the case before it.  Instead, the court held "as a matter of law, where a corporation has been inactive in a state for a substantial period of time, in this case five years, that state is not the corporation's principal place of business, irrespective of any representations the corporation may have made to state officials." *Id.*  Thus, the court held the corporate defendant to not be a citizen of Louisiana and upheld the lower court's ruling that complete diversity existed.  Despite its holding, however, the Fifth Circuit emphasized "[t]he question of substantiality must be decided on a case-by-case basis." *Id.* n.10.

In the present case, this Court holds that Mystik was not inactive for a substantial period

of time and that Mystik's principal place of business at the time of the accident should be considered in determining whether, for venue purposes, Mystik was subject to personal jurisdiction in the Eastern District of Texas at the time Norsworthy filed her lawsuit. Mystik dissolved in December, 2004, and Norsworthy filed her lawsuit on June 9, 2005. Compared to the five years of inactivity in *Harris*, the six months of inactivity between Mystik's dissolution and the filing of Norsworthy's lawsuit is not a substantial period of time.

The parties have presented this Court with little to no evidence of where specifically Mystik's last business activity occurred. As the Fifth Circuit stated, however, the place of an inactive corporation's last business activity is relevant, but not dispositive as to the corporation's principal place of business. *Id.* at 551. This Court determines that Mystik's principal place of business was located in Cleveland, Texas. Mystik's Articles of Incorporation state that the initial registered office and the agent for service of process for the corporation were located at the same address in Cleveland, Texas. Plaintiff's Response to Defendant's Amended Motion to Dismiss Venue, Exhibit A. Furthermore, at the time the Defendants filed their Motion to Dismiss, the Texas Comptroller of Public Accounts still listed the address for Mystik's agent for service of process in Cleveland, Texas. *Id.*, Exhibit B. The only shareholder listed in the Articles was Sydney Baldon, whose address was also listed in Cleveland, Texas. *Id.*, Exhibit A. Finally, the accident report for the incident that is the basis of this lawsuit listed the owner of the vehicle driven by Jones as "L. Baldon," whose address was in Cleveland, Texas. *Id.*, Exhibit C. Based upon the representations made in the above public documents, this Court determines that Mystik's principal place of business at the time of dissolution was in Cleveland, Texas, and that it is subject to personal jurisdiction in the Eastern District of Texas for venue purposes.

### III.     Conclusion

Because Mystik in this case is a resident of the Eastern District of Texas for venue purposes, this Court holds that venue is proper for the present case in the Eastern District of Texas.  Furthermore, because venue is proper in the Eastern District of Texas, there is no basis to transfer the case to the Southern District of Texas as the Defendants move for in the alternative.  Therefore, this Court DENIES Defendants' Amended Motion to Dismiss for Improper Venue (#6).

SIGNED this 23rd day of February, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE